IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS DUANE BROWN, #693650 | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:13-CV-1505-D-BK |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a state prisoner, filed a motion to vacate sentence under 28 U.S.C. § 2255, challenging the execution of his federal sentence. For the reasons that follow, it is recommended that this action be summarily dismissed without prejudice.

**I. BACKGROUND**

On May 13, 1994, Petitioner pled guilty to obstructing commerce by robbery, use, and carrying of a firearm, and carjacking. *United States v. Brown*, 3:94-CR-0091-D (2) (N.D. Tex.). Before sentencing on his federal case, however, Petitioner pled guilty in state court to five aggravated robbery offenses and was sentenced to 40 years' imprisonment. *State v. Brown*, Nos. F-9435383-MQ, F-9435400-NQ, F-9439588-JQ, F-9439591-JQ, F-9441046-LQ (204th Judicial District Court, Dallas County, May 25, 1994). Subsequently, this Court sentenced Petitioner to 101 months' imprisonment for the federal offenses, *see Brown*, No. 3:94-CR-0091-D(2) (N.D. Tex. Jul, 22, 1994), after which, Petitioner was returned to State custody to serve his 40-year sentences. (Doc. 3 at 6). By this action, Petitioner claims "his federal sentence is being improperly cumulated with his state sentence," and that he should have been permitted to "serv[e] his federal sentence first." *Id.* at 5, 6.

## II. ANALYSIS

"Section 2255 provides the primary means of 'collaterally attacking a federal sentence,' and is the appropriate remedy for 'errors that occurred at or prior to the sentencing.'" *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (quoted cases omitted).  Relief under 28 U.S.C. § 2241, on the other hand, "is the proper procedural vehicle in which to raise an attack on 'the manner in which a sentence is executed.'" *Id.* at 426 (quoted case omitted)

Here, since Petitioner does not seek to challenge his federal conviction and sentence, but only its execution, his claims are not cognizable under section 2255.  Therefore, his section 2255 motion should be summarily dismissed without prejudice.  *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (providing for summary dismissal "[i]f it plainly appears from the motion . . . that the moving party is not entitled to relief").

Even if Petitioner's section 2255 motion is construed as a claim under section 2241, this Court lacks jurisdiction to consider it.  Although Petitioner was sentenced on his federal case in this Court, any section 2241 action must be brought in the district in which he is confined.  *See Lee v. Wetzel*, 244 F.3d 370 (5th Cir. 2001) (holding the sentencing court lacked jurisdiction over the section 2241 petition because the petitioner was not incarcerated within that district, and remanding the case with instructions to dismiss without prejudice).  Petitioner is confined within the boundaries of the United States District Court for the Eastern District of Texas, thus, any section 2241 action should be brought there.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED** without prejudice.

SIGNED April 18, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE